UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SOON WOO CHOI,<br><br>Applicant. | Case No.  5:24-mc-80043-EJD<br><br>**ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL**<br><br>Re: Dkt. No. 1 |

Before the Court is Applicant Soo Woo Choi ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in a foreign proceeding ("Application"). *Ex Parte* Appl. for Order Granting Leave to Take Disc. for Use in a Foreign Proceeding ("Appl."), ECF No. 1. Specifically, Applicant seeks discovery from Google LLC for use in a potential foreign criminal investigation in the Republic of Korea. *Id.* For the reasons stated below, the Application is **DENIED**.

I. **BACKGROUND**

Applicant is a medical doctor in the Republic of Korea and the sole proprietor of View Plastic Surgery ("Clinic"), an orthopedic clinic focusing on plastic surgery in Seoul, Republic of Korea. Appl. 2. Applicant alleges that an anonymous individual ("Anonymous Individual") published a YouTube video insulting the Clinic and stating falsities regarding the Clinic and its doctors. *Id.* The video has been viewed 28,000 times and is alleged to have caused significant emotional, psychological, and reputational harm to Applicant and other doctors at the Clinic. *Id.*

Applicant has filed a criminal complaint with the Seoul Gangnam Police Station against the Anonymous Individual for insulting and defaming Applicant pursuant to the criminal laws of the Republic of Korea. *Id.* at 3. The police accepted Applicant's complaint; however, Applicant alleges that the criminal case has been suspended as of October 20, 2023, because the police could

1  not find the identity of the Anonymous Individual. *Id.* Applicant alleges that the identity of the

2  Anonymous Individual is necessary in order to proceed with the criminal investigation. *Id.* at 4.

3  YouTube is operated by Google. *Id.* at 3. Internet users can log into their YouTube

4  channel using their Google account to upload videos. *Id.* Google is a Delaware limited liability

5  company with its principal office in Mountain View, California. *Id.* Applicant seeks to discover

6  from Google the Anonymous Individual's personal identifying information so Applicant can

7  inform the police of the Anonymous Individual's identity. *Id.* at 4. Specifically, Applicant seeks

8  discovery from Google of least three months of data, including: names; dates of birth; all physical,

9  billing, tax, shipping, legal, or other addresses; all recovery, authentication, or other e-mail

10  addresses; all recovery, authentication, or other telephone numbers; names and addresses of all

11  credit cards registered to the accounts; all billing instruments and banking information registered

12  to the accounts, including the billing instrument or bank's descriptions, bank codes, billing names,

13  billing addresses, account numbers, and bank names; and all names, addresses, e-mail addresses,

14  telephone numbers, and names of the payment methods for all non-credit card payment methods

15  registered to the accounts. Appl. 9; Appl., Ex. A.

## II.  LEGAL STANDARD

17  Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

18  evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

19  *Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

20  order a person residing or found within the district "to give his testimony or statement or to

21  produce a document or other thing for use in a proceeding in a foreign or international tribunal."

22  28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person

23  residing in the district of the court to which the application is made; (2) the discovery is for use in

24  a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

25  an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

26  (9th Cir. 2019).

27  In addition to the mandatory statutory requirements, the district court retains discretion in

Case No.: 5:24-mc-80043-EJD
ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL
2

determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61.  In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  *Id.* at 264–66.

## III.  DISCUSSION

### A.  Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a). First, the Application satisfies the residence requirement because Google is headquartered in this district.  Appl. 6.  Second, the discovery is sought for use in a foreign criminal investigation in the Republic of Korea, which Section 1972 expressly includes in its definition of "for use in a proceeding."  Appl. 6; 28 U.S.C. § 1782(a) (allowing discovery "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation").  Third, Applicant is an "interested person" in the foreign proceedings, as Applicant is the complaining criminal witness with an interest in obtaining assistance from the police.  *See Intel Corp.*, 542 U.S. at 256 (finding that a complainant who triggered a European Commission investigation "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of that term"); App. 5.  Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

### B.  Discretionary *Intel* Factors

However, the Court nevertheless exercises its discretion as authorized by *Intel* to deny the Application.

### 1. Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted).

Google is not a participant in the foreign proceeding and would therefore typically fall outside the reach of a foreign tribunal under this factor. However, the fact that this is a criminal proceeding changes the analysis. The criminal authorities in the Republic of Korea do possess the ability to seek information from Google for criminal investigations through the Treaty of Mutual Legal Assistance in Criminal Matters ("MLAT"). Mut. Legal Assistance Treaties of the U.S., U.S. DEPT. OF JUSTICE (April 2022), *available at* https://www.justice.gov/d9/pages/attachments/2022/05/04/mutual-legal-assistance-treaties-of-the-united-states.pdf (last accessed March 14, 2024)[1]; *see also Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), 2013 WL 4442288, at *6 (N.D. Cal. Aug. 15, 2013) (denying request from reporting criminal victim petitioner for discovery to use in the criminal matter, finding that the petitioner was acting as "investigator" for the authorities against the entities it wanted the authorities to charge, and "if Korean authorities want more information from the respondents, they can use the MLAT process"); *Lazaridis v. Int'l Ctr. for Missing & Exploited Child., Inc.*, 760 F. Supp. 2d 109, 115 (D.D.C. 2011), *aff'd sub nom. In re Application for an Ord. Pursuant to 28 U.S.C. /1782*, 473 F. App'x 2 (D.C. Cir. 2012) (denying request for discovery "for use in the investigation of criminal activity," finding that such investigations were left to the discretion of the foreign authorities and

---

[1] The Court *sua sponte* takes judicial notice of this document as a government publication whose accuracy cannot reasonably be questioned. Fed. R. Civ. Pro. 201.

provide no private right of action). If the criminal authorities in the Republic of Korea wished to proceed with this particular criminal investigation, they have the tools necessary to seek the information that Applicant requests. Considering these facts, the Court finds that Google is not necessarily outside the reach of the criminal authorities in the Republic of Korea, and the Court finds that the evidence in the foreign criminal investigation should develop through the criminal authorities investigating it.

Therefore, the Court finds that this factor weighs against granting relief.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Regarding the second factor, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, Applicant argues that courts in the Republic of Korea are receptive to United States federal court judicial assistance; however, Applicant only cites to civil cases. Appl. 8 (citing *In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-MC-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Starship Ent. Co., Ltd.*, No. 23-MC-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023)). The Court's understanding is that the criminal justice system in the Republic of Korea, similar to the criminal justice system in the United States, carries out criminal investigations through the police under the direction of the prosecutor, and based on this information, the prosecutor can exercise discretion in deciding whether to indict. World Factbook of Crim. Justice Systems, South Korea, U.S. BUREAU OF JUSTICE STATISTICS, *available at https://bjs.ojp.gov/content/pub/pdf/wfbcjssk.pdf* (last accessed March 14, 2024). [2] While the Court is unaware of affirmative evidence that the authorities in the

---

[2] The Court *sua sponte* takes judicial notice of this document as a government publication whose accuracy cannot reasonably be questioned. Fed. R. Civ. Pro. 201.

Case No.: 5:24-mc-80043-EJD
ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL
5

1  Republic of Korea would reject evidence obtained by Applicant via Section 1782, the fact that the

2  prosecutor has the discretion to carry out investigations but has not, to the Court's knowledge

3  sought this information through MLAT, leads the Court to question the receptivity of this

4  evidence. *See Lazaridis*, 760 F. Supp. 2d at 115 (finding that the nature of the criminal

5  investigative proceeding weighs against granting the application).

6  Therefore, while there is no affirmative evidence showing that the foreign authorities

7  would not be receptive to the evidence, given that the prosecution has the discretion to use its own

8  tools to seek the discovery sought here, the Court finds that this factor is neutral.

### 3.  Circumvention of Proof-Gathering Restrictions

Next, the Court considers whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted).

Here, Applicant's counsel has represented that they are not aware of any restrictions or policies that would prohibit the proof-gathering sought here. Appl. 8–9. The Court does not doubt Applicant's counsel's representations; however, the Court finds that "it is an extra and perhaps unusual effort to use tools also available to those authorities through the MLAT process troubling." *Matter of Application of O2CNI Co., Ltd.*, 2013 WL 4442288, at *8. As Judge Beeler in the U.S. District Court for the Northern District of California aptly postured, "who knows what safeguards—such as act of production immunity—might apply in a criminal investigation when an agency uses its ordinary investigative tools to acquire information. The MLAT process provides safeguards appropriate to a criminal case when the evidence is sought from the suspects themselves." *Id.* The Court is reticent to allow discovery through the Application here considering the safeguards available through other channels.

Therefore, while there is nothing on the record to suggest that Applicant is attempting to

Case No.: 5:24-mc-80043-EJD
ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL
6

circumvent foreign proof-gathering restrictions, given that the MLAT process would better provide safeguards appropriate to a criminal case in the Republic of Korea, the Court finds that this factor is also neutral.

### 4. Unduly Intrusive or Burdensome

Finally, the Court must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Here, Applicant is seeking extraordinarily broad and intrusive discovery. To reiterate, Applicant seeks at least three months of data associated with the Anonymous Individual's YouTube account, including: all names; all dates of birth; all physical, billing, tax, shipping, legal, or other addresses; all recovery, authentication, or other e-mail addresses; all recovery, authentication, or other telephone numbers; names and addresses of all credit cards registered to the accounts; all billing instruments and banking information registered to the accounts, including the billing instrument or bank's descriptions, bank codes, billing names, billing addresses, account numbers, and bank names; and all names, addresses, e-mail addresses, telephone numbers, and names of the payment methods for all non-credit card payment methods registered to the accounts. Appl. 9; Appl., Ex. A. Applicant has failed to show how this request is narrowly tailored to merely identifying the Anonymous Individual. The Court finds the breadth of Applicant's request to be both unduly intrusive on the Anonymous Individual and unduly burdensome on Google.

Therefore, the Court finds that the fourth *Intel* factor weighs against granting Applicant's request.

\* \* \*

Given that the Court finds two *Intel* factors weigh against granting relief and the remaining factors are neutral, the Court will exercise its discretion and **DENY** the Application.

Case No.: 5:24-mc-80043-EJD
ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL

7

## IV. CONCLUSION

Based on the foregoing, the Application is **DENIED**. The Clerk of the Court is instructed to close this file.

**IT IS SO ORDERED.**

Dated: March 14, 2024

                                            EDWARD J. DAVILA
                                            United States District Judge

Case No.: 5:24-mc-80043-EJD
ORDER DENYING DISCOVERY IN A FOREIGN TRIBUNAL

8